UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAY ALANIZ | § | CIVIL ACTION NO. 6:18-CV-01595-MJJ-CBW |
| Plaintiff, | § | |
| VERSUS | § | JUDGE MICHAEL J. JUNEAU |
| GORDON REED & ASSOCIATES, INC. | § | MAG. WHITEHURST |
| Defendant, | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF
### MOTION TO STRIKE DECLARATION OF RAY ALANIZ

Defendant, GORDON REED & ASSOCIATES, INC., hereby moves to strike portions of the Declaration (Doc. 17-2) submitted by Plaintiff, RAY ALANIZ, in connection with Plaintiff's Opposed Motion for Certification of Collective Action and Request for Notice to Putative Class Members.

### BACKGROUND AND SUMMARY OF ARGUMENT

On August 20, 2019, Plaintiff filed an Opposed Motion for Certification of Collective Action and Request for Notice to Putative Class Members. (Document No. 17). In support thereof, Plaintiff filed only his own self-serving declaration. (Document No. 17-2). The Declaration is riddled with speculation, vague and conclusory statements, improper hearsay statements, and conclusions of law—all of which constitute incompetent evidence. For these reasons, the Declaration should be struck in their entirety, or alternatively, and at a minimum, the incompetent portions of the Declaration should be stricken from the record.

## **OBJECTIONABLE STATEMENTS**

A.  **Statements containing inadmissible hearsay should be stricken.**

Defendant moves to strike the inadmissible hearsay statements numbered 26 and 29 from the Declarations. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801. Hearsay is not appropriately considered when a court is considering whether to certify a collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. See *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 866-67 (S.D. Ohio 2005) (striking inadmissible hearsay from affidavits supporting motion for collective action); *Richards v. Computer Sciences Corp.*, No. 3-03-CV-00630 (DJS), 2004 U.S. Dist. LEXIS 19637, at *3-6 (D. Conn. Sept. 28, 2004) (striking hearsay statements from affidavit and others not based upon personal knowledge). Indeed, hearsay is never admissible unless provided by an exception. FED. R. EVID. 802.

> Plaintiff's declaration includes the following statements:
>
> 26. I worked with at least five other Mud Engineers at Gordon Reed and I know from talking with them that they were also labeled as 1099 contractors, paid a day rate, and not paid overtime. Specifically, I worked with three (3) other mud engineers in my area and then occasionally worked with some other Gordon Reed Mud Engineers from Louisiana. I know from talking with them they too also received a $500.00 day rate and no overtime. One of the Louisiana Mud Engineers was paid more than $500.00 a day but he still did not receive any overtime.
>
> 29. I know this because I have spoken with other Mud Engineers about their pay. I also believe they would be interested to learn that they may recover unpaid overtime from Gordon Reed and that they would want to join this case.

In both statements, the Plaintiff fails to identify with whom he spoke, when and where these conversations occurred, or in what context these statements were made. Even if the Court were to credit any of these assertions, without any context, it is impossible to determine whether these

unnamed "mud engineers" even have a relationship with defendant of any kind or personal knowledge of the Defendant's pay.

Plaintiff also includes the following statement in his declaration:

27. They also reported to work on a daily basis, pursuant to Gordon Reed's schedule. They worked the same number of hours as I did.

It is unclear if this statement is supposed to accompany Paragraph 26, and these are also hearsay statements if they were purportedly told to the Plaintiff. There is simply not enough foundation to justify this statement. As set forth in the next section, this statement is speculative, vague and lacking in foundation.

An extra judicial statement, when testified to by one other than the maker, is not admissible as substantive evidence, as such statement clearly falls afoul of the hearsay rule. *U.S. v. Johnson*, 427 F.2d 957, 960 (5th Cir. 1970). Furthermore, it is clear that the Declaration is entirely self-serving and, in light of the Declarants' bias, there is "too great a risk of inaccuracy or untrustworthiness to provide the circumstantial guarantees of trustworthiness contemplated by the hearsay exceptions." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (5th Cir. 1991).

For the foregoing reasons, statements numbered 26, 27 and 29 above should be stricken from the record, as inadmissible hearsay. Accordingly, those portions of the Declaration are not properly before this Court for purposes of determining whether to grant Plaintiff's motion requesting class certification.

**B.      Statements containing improper legal conclusions and speculation should be stricken.**

Declarations that support motions for conditional certification must be based upon personal knowledge. See *Mike v. Safeco Ins. Co. of Amer.*, 223 F.R.D. 50, 52 n.2 (D. Conn. 2004). Speculative, vague, and conclusory allegations such as these are insufficient to meet this burden.

*Harris v. FFE Transp.*, 3:05-CV-0077-P, 2006 U.S. Dist. LEXIS 51437, at *14 (N.D. Tex. May 15, 2006) (denying motion to notice putative plaintiffs where named plaintiffs failed to offer anything more than affidavits containing conclusory allegations); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2005) ("[T]he initial ad hoc FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

Plaintiff's declaration includes the following statements:

4. The above tasks were the tasks performed by all the Mud Engineers that I worked with at Gordon Reed. While there might have been minor variations depending on the client or the site specifications, our essential tasks remained the same.

12. Gordon Reed set the days I and the other Mud Engineers were required to work and set our work schedules. I know Gordon Reed controlled the schedules of other Mud Engineers from talking with them. We typically worked fourteen days on and then had fourteen days off. Sometimes Gordon Reed would require us to work more than the scheduled fourteen days though, we had to work for as long as Gordon Reed told us they needed us to work. I typically worked over seventy (70) hours a week, and sometimes worked as much as 90 hours a week.

25. If there was a problem, we were required to ask our Gordon Reed Supervisor what we needed to do.

27. They also reported to work on a daily basis, pursuant to Gordon Reed's schedule. They worked the same number of hours as I did.

28. My fellow Mud Engineers provided the same type of services for Gordon Reed as I did and were subject to the same oversight as I was by the Gordon Reed Supervisor(s) on duty.

29. I know this because I have spoken with other Mud Engineers about their pay. I also believe they would be interested to learn that they may recover unpaid overtime from Gordon Reed and that they would want to join this case.

30. I frequently spoke with my supervisor over my cell phone and through email, those were my primary means of reporting to him and receiving instructions from him. I know the other Mud Engineers were expected to report to their Gordon Reed Supervisor over their cell phones and through emails as well. As oilfield workers, I and my fellow Mud Engineers are frequently away from home for long periods of time and because of this, receiving regular mail is very hard for us. Cell phones and emails are the most efficient way to reach us and those are our primary means of communication.

Paragraph four lacks sufficient foundation to support the allegations contained therein. Plaintiff contends that he worked with other Mud Engineers, but Plaintiff fails to provide any factual allegations as to how or when work performed with other Mud Engineers occurred. Additionally, by his own admission, there were variations on the tasks, and there is not testimony as to how Plaintiff observed or had knowledge of the tasks performed.

Paragraph twelve fails to state how Plaintiff had any knowledge of the assignments or schedules of other purported mud engineers. Plaintiff does not state how he has knowledge of when other workers would be able to leave from a job site or what was required for time off.

Paragraph twenty-five is vague in the request of who communicated with the purported supervisor. Plaintiff's declaration only contains references to his personal purported reports to supervisors, but it does not reference any other employees. It is an improper reference to other workers reporting to a supervisor that is not based in the facts of the declaration.

Paragraph twenty-seven, twenty-eight and thirty are vague in that it lacks foundation explanation of how Plaintiff had personal knowledge of other purported workers schedules, working the same number of hours, services performed, and reporting to the supervisor. Declarant generalized beliefs regarding the job scheduling and compensation of unnamed workers.

In statement twenty-nine, Declarant states that he "believes" other workers would be interested in the lawsuit. However, Declarant offers no specific facts to establish a reasonable basis for these beliefs. There is no factual basis to support that anyone would join the suit. See *Bernard v. Household Int'l, Inc.*, 231 F. Supp.2d 433, 436 (E.D. Va. 2002) (holding that phrases such as "I believe that" and "it is my understanding" are insufficient to establish similarly situated). Therefore, they should be stricken by this Court.

For these reasons Defendant requests that the foregoing statements be stricken from the record because they are vague, speculative, and contain legal conclusions from lay witnesses and are, therefore, not properly before this Court for consideration.

Respectfully Submitted:

/s/ Laura P. Johnson
EMILE JOSEPH, JR. (#14410)
LAURA P. JOHNSON (#34040)
ALLEN & GOOCH, A Law Corporation
2000 Kaliste Saloom Road, Suite 400
Lafayette, Louisiana 70508
Telephone: 337-291-1690
Telefax: 337-291-1695
Email: laurajohnson@allengooch.com
Attorney for Gordon Reed & Associates, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I also certify that I have this same day forwarded a copy of this filing by regular U.S. Mail, postage pre-paid, to all non-CM/ECF participants.

/s/ Laura P. Johnson
LAURA P. JOHNSON