# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| RAY ALANIZ | CIVIL ACTION NO. 6:18-cv-1595 |
| VERSUS | JUDGE JUNEAU |
| GORDON REED & ASSOC. | MAGISTRATE JUDGE WHITEHURST |

## RULING AND ORDER

Before the Court are two motions, as follows: (1) plaintiff, Ray Alaniz's, "Motion for Certification of Collective Action and Request for Notice to Putative Class Members," [Doc. 17], in which the plaintiff moves to conditionally certify the FLSA collective action filed by him against defendant, Gordon Reed & Associates, and (2) Motion to Strike the Declaration of Ray Alaniz [Doc. 21], filed by the defendant, Gordon Reed & Associates ("Gordon Reed"). The motion to certify is opposed by the defendant [Doc. 23], and the plaintiff has filed a Reply brief [Doc. 26]. Additionally, the plaintiff opposes the defendant's motion to strike [Doc. 28]. For the following reasons, plaintiffs' Motion for Conditional Certification is **GRANTED IN PART AND DENIED IN PART**, and the defendant's Motion to Strike is **DENIED.**

## I.    *Background*

Gordon Reed is an oil and gas services company that provides chemicals to the oil and gas industry used during the drilling and fracking process. Gordon Reed employs numerous oilfield workers to provide its services to its clients and operates primarily out of Texas and Louisiana. The plaintiff worked for Gordon Reed in Texas from approximately May 2016 until July 2018. The plaintiff argues that he and the putative class members were all paid a day rate, performed the same or similar job duties, worked a similar number of hours each week, and did not receive overtime pay. Specifically, the plaintiff alleges that, regardless of job title, division, or location worked, the plaintiff and the putative class members were typically scheduled by Gordon Reed to work more than seventy (70) hours each week, if not more, and their work period – typically fourteen days on and fourteen days off – could be extended at Gordon Reed's discretion. The plaintiff alleges that Gordon Reed denied overtime pay pursuant to its corporate policy of classifying oilfield workers as independent contractors regardless of their job duties or location. Gordon Reed filed an answer to the Complaint on February 12, 2019, denying the plaintiff's allegations and raising numerous defenses to his individual and collective claims, including a defense that plaintiff and putative

class members are exempt employees under the wage provisions of FLSA and are not entitled to overtime because they fell within the executive, administrative and/or professional exemption(s) of the Act.

On August 20, 2019, Alaniz filed the instant motion, seeking an order conditionally certifying a putative collective class which includes:

> **ALL OILFIELD WORKERS EMPLOYED BY GORDON REED & ASSOCIATES, INC., AT ANY TIME FROM AUGUST 20, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE AND DID NOT RECEIVE OVERTIME.**

In the instant motion, the plaintiff moves to conditionally certify a collective action under 29 U.S.C. §207 of the FLSA. Plaintiff contends that conditional certification is appropriate because additional oilfield workers who worked for Gordon Reed are "similarly situated" in terms of their job titles, duties, number of hours, and compensation. The plaintiff alleges that all of defendant's oilfield workers who were paid a day rate were denied their overtime pay as a result of a single corporate policy that uniformly treated them as independent contractors, regardless of their duties, location, or any other factors.

## II. *Applicable Legal Standard*

The Fair Labor Standards Act ("FLSA") requires covered employers to pay non-exempt employees for hours they have worked in excess of the defined

maximum hours. 29 U.S.C. §207(a). Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. §216(b). Section 216(b) provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b). Thus, unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under §216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 225 (5th Cir.2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir.2008)). District courts have discretion in deciding whether and how to provide "timely, accurate, and informative" notice to prospective plaintiffs. *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

The FLSA permits employees to maintain an action on behalf of themselves and others similarly situated, provided that the similarly situated employees only become plaintiffs if they opt-in to the litigation in writing. 29 U.S.C. §216(b); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). To determine whether to certify a collective action and thus send notice of the suit to potential

opt-in plaintiffs, the majority of federal courts follow the two-step approach developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213-14. "Under *Lusardi*, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. The first step occurs at the notice stage. *Id*.

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. The first *Lusardi* step is to decide whether to issue notice to potential class members. *See id.* at 1213–14. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir.2010). The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted. *Id*. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Mooney*, 54 F.3d at 1214. However, even this lenient standard requires substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *See id.* at 1214 n. 8.

At this stage, the district court decides whether notice should be sent to potential class members. *Id.* To conditionally certify the class and have notice sent, the plaintiff must sufficiently establish that similarly situated potential plaintiffs exist by putting forth "substantial allegations showing "putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Stiles v. FFE Transp. Servs, Inc.*, 2010 WL 935469, at *2 (N. D Tex. Mar. 15, 2010) (quoting *Aguilar v. Complete Landsculpture, Inc*., 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004)). Due to the limited evidence available at this stage of the litigation, courts usually employ a "fairly lenient standard" that typically results in conditional certification of a representative class. *Mooney*, 54 F.3d at 1214. *See also Stiles*, 2010 WL 935469 at *2. Yet, "[w]hile the standard at this stage is not particularly stringent, it is by no means automatic." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (citting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001)).

Courts typically base their decision whether to conditionally certify the action on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1213-14. However, they also "look to such factors as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted."

6

*Stiles*, 2010 WL 935469 at *2. As a practical matter, most district courts in this Circuit "require some factual basis to the plaintiff's allegations that a collective actions is warranted before granting notice and conditional certification." *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at * 4 (S.D. Tex. Jan. 24, 2007). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Jones v. Yale Enf't Servs., Inc.*, 2015 WL 3936135, at *1 (E.D. La. June 26, 2015) (quoting *Haynes v. Singer Co., Inc*., 696 F.2d 884, 887 (11th Cir. 1983)).

### III. Analysis

#### A. Certification

In this case, the plaintiff claims that he has satisfied the lenient standard for conditional certification on behalf of a class of similarly situated persons. Plaintiff seeks certification with respect to "all oilfield workers employed by Gordon Reed & Associates, Inc., at any time from August 20, 2016 through the final disposition of this matter, who were paid a day rate and did not receive overtime."

Attached to his motion, the plaintiff has filed a Declaration, in which he states:

> 26. I worked with at least five other Mud Engineers at Gordon Reed and I know from talking with them that they were also labeled as

1099 contractors, paid a day rate, and not paid overtime. Specifically, I worked with three (3) other mud engineers in my area and then occasionally worked with some other Gordon Reed Mud Engineers from Louisiana. I know from talking with them they too also received a $500.00 day rate and no overtime. One of the Louisiana Mud Engineers was paid more than $500.00 a day but he still did not receive any overtime.

27. They also reported to work on a daily basis, pursuant to Gordon Reed's schedule. They worked the same number of hours as I did.

28. My fellow Mud Engineers provided the same type of services for Gordon Reed as I did and were subject to the same oversight as I was by the Gordon Reed Supervisor(s) on duty.

29. I know this because I have spoken with other Mud Engineers about their pay. I also believe they would be interested to learn that they may recover unpaid overtime from Gordon Reed and that they would want to join this case.[1]

The defendant moves to strike Paragraphs 26, 27, and 29 of the plaintiff's Declaration, on grounds it contains inadmissible hearsay, and these paragraphs are vague, speculative, and contain legal conclusions from lay witnesses. The defendant argues these paragraphs are not properly before the Court for consideration of certification.

The caselaw makes clear, however, that the traditional hearsay rules do not necessarily apply to affidavits submitted in support of motions for conditional certification. In *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 760 (N.D. Tex.

---

[1] *See* Declaration of Plaintiff, attached as Exhibit 2 to plaintiff's motion for conditional certification, Doc. 17.

2013), the court relied upon the district court's decision in *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367–68 (E.D. Tenn. 2006) in concluding that affidavits submitted in support of motions for conditional certification need not satisfy the admissibility standards for trial. In *White*, the defendant argued that portions of affidavits submitted in support of conditional certification should be stricken because they constituted inadmissible hearsay in violation of the standard set forth for affidavits in Federal Rule of Civil Procedure 56(e). The plaintiffs argued that affidavits submitted in support of a motion for conditional certification need not meet such standard for the notice stage analysis under §216(b). In ruling for the plaintiffs, the court explained:

> There is certainly support for Defendant's position that the standard in Rule 56(e) applies not only to affidavits in support of motions for summary judgment but also to affidavits submitted in support of a motion for conditional certification. *E.g., Harrison,* at 865; *Richards v. Computer Scis. Corp.,* No. 3-03-CV-00630 (DJS), 2004 WL 2211691, at *1 (D.Conn. Sept. 28, 2004); *McElmurry v. U.S. Bank Nat'l Ass'n,* No. CV-04-642-HU, 2004 WL 1675925, at *10 (D.Or.2004); *Clark v. Dollar Gen. Corp.,* No. 3:00-0729, 2001 WL 878887, at *2 (M.D.Tenn. May 23, 2001). ***The Court, however, respectfully disagrees with the decisions of these other district courts and concludes that affidavits submitted in support of a motion for conditional certification pursuant to §216(b) need not meet the standard set forth in Rule 56(e). To require more at this stage of litigation would defeat the purpose of the two-stage analysis***.
>
> At the notice stage, although many courts require some factual support for a plaintiff's allegations, other courts hold that a plaintiff

9

> can meet his burden based solely on the allegations in the complaint. *Belcher,* 927 F.Supp. at 251. The Court recognizes the value of requiring some factual support for allegations of class-wide practices, but the Court believes that the better view is that such factual support need not meet the evidentiary standards set forth in Rule 56(e). The fact that some courts allow plaintiffs to rely solely on the allegations in the complaint suggests that this approach is correct.

236 F.R.D. at 367–68 (emphasis added).

Notwithstanding the foregoing, courts do require that affidavits presented for conditional certification must be based on personal knowledge. *Lee*, 980 F. Supp. at, 762, *citing White v. MPW Industrial Services, Inc.,* 236 F.R.D. at 369 (stating that more lenient standard at notice stage "does not mean that such affidavits need not meet any standards"); *Page v. Nova Healthcare Mgmt., L.L.P.,* No. H–12–2093, 2013 WL 4782749, at *6 (S.D.Tex. Sept. 6, 2013) (discussing declarants' personal knowledge); *Dooling v. Bank of the W.,* 2012 WL 2417591, at *4 (E.D.Tex. June 26, 2012) (noting that declarant must have personal knowledge); *Tice v. AOC Senior Home Health Corp.,* 826 F.Supp.2d 990, 995 (E.D.Tex.2011) (citing cases requiring factual showing to be based on personal knowledge); *Owen v. Golf & Tennis Pro Shop, Inc.,* No. 4:09–cv00571, 2010 WL 3859640, at *3 (E.D.Tex. Sept. 30, 2010) (stating that "at the very least, ... the preliminary factual showing must be based on a personal knowledge of the facts"); *Oliver v. Aegis Comms. Grp., Inc.,* 2008 WL 7483891, at *3 (N.D.Tex.

Oct. 30, 2008) ("The Plaintiffs [at the notice stage] must present competent evidence supporting this preliminary factual showing, so as to avoid stirring up unwarranted litigation.").

In this case, the plaintiff's affidavit states that "the facts contained in this declaration are within my personal knowledge and are true and correct." [2] Paragraphs 26, 27, and 29 go on to state the basis for the plaintiff's personal knowledge, *i.e.*, that he worked with the similarly situated employees and "knows" from talking to these employees that they, too, were also paid a day rate and did not receive overtime pay, and that these employees "would be interested to learn that they may recover unpaid overtime from Gordon Reed and that they would want to join the case." In *Gremillion v. Cox Commc'ns Louisiana*, 2017 WL 2688217, at *4 (E.D. La. June 22, 2017), the court made it clear that a plaintiff need not submit evidence that others <u>want</u> to opt into a class in order for conditional certification to take effect, to wit:

> Grayco also argues that Gremillion has not shown that other individuals want to opt-in to this lawsuit because no other individuals have opted in since the filing. But this does not preclude certification of a class. It has been observed that "there is no categorical rule that Plaintiffs must submit evidence at this time that other technicians seek to opt-in to this case." White, 2013 WL 2903070, at *7. "**[I]t is enough for the plaintiff to present evidence that there *may* be other aggrieved** individuals to whom a class action notice should be

---

[2] *See* Declaration of Ray Alaniz, attached as Exhibit 2 to the motion for conditional certification [Doc. 17].

sent, without requiring evidence that those individuals actually intend to join the lawsuit." Id. (quoting Villarreal v. St. Luke's Episcopal Hosp., 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010)) (emphasis in original). For example, in Banegas v. Calmar Corp., a court in this district ruled that the plaintiff's failure to identify other employees who desired to join the litigation did not prevent class certification. Civ. Action No. 15-593, 2015 WL 4730734, at *6 (E.D. La. Aug. 10, 2015). The court refused to impose a requirement that the plaintiff obtain affidavits of other potential class members with an intent to join the lawsuit when the statute did not call for such evidence. Id. The Court observed that "[t]he Defendant's concern appears to be primarily with the likelihood that similarly situated individuals will, in fact, desire to opt-in to the proposed collective action ... [but] [t]his is not a valid or recognized basis for denying conditional certification under the FLSA." Id.

Considering the foregoing, and in light of the established jurisprudence that admissibility standards are relaxed in FLSA cases at this stage of the proceedings, the motion to strike will be denied, and the Court has considered the declaration of the plaintiff for the purposes of this motion.

As to the defendant's argument that the plaintiff's claims are barred by issue preclusion, it is well-settled that "[a]n FLSA class determination is appropriate when there is a demonstrated similarity among the individual situations . . . and some factual nexus which binds the named plaintiffs and the potential class members together as victims." The defendant argues that the plaintiff's claims are barred by issue preclusion on grounds the Texas Workforce Commission ("TWC") issued findings and conclusions that the plaintiff in this

12

matter was an independent contractor and was not entitled to overtime pay. A similar argument was made and rejected in *Terry v. Chicago Bridge & Iron Co.*, 283 F.Supp.3d 601 (S.D. Tex. Nov. 20, 2017). In *Terry*, the court explained:

> "It is axiomatic that the FLSA arises under federal law whereas the Texas Payday Law arises under state law." *Barreraz v. Dennis Energy Servs., Inc.*, No. 7:15-CV-193-DAE, 2016 WL 8711407, at *2 (W.D. Tex. Aug. 19, 2016) (emphasis in original). "The two statutory authorities are mutually exclusive because they were enacted by separate sovereigns." *Id.* Although state and federal courts have concurrent jurisdiction to consider FLSA claims, 29 U.S.C. § 216(b), the TWC lacks such jurisdiction. *See Thakkar v. Balasuriya*, No. CIV.A.H-09-0841, 2009 WL 2996727, at *6 (S.D. Tex. Sept. 9, 2009) (Lake, J.) ("Defendants do not argue, and the court does not find, that the TWC had jurisdiction to hear Thakkar's FLSA claims.").

283 F. Supp. 3d at 606. Moreover, the standard for determining whether an individual was properly classified as an independent contractor is different between Texas state law and the law of the Fifth Circuit.[3]

Therefore, considering that the TWC did not have jurisdiction to consider the plaintiff's claims, and because the TWC considers a different test than the one

---

[3] *Compare Saucedo v. Horner*, 329 S.W.3d 825, 830 (Tex. App.—El Paso, 2010) ("The test to determine whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details, and methods of operation of the employee's work.") with *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (recognizing that an independent contractor analysis involves "five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship"); *see also Richard v. Flower Foods, Inc.,* 222 F. Supp. 3d 516, 524 (W.D. La. 2016).

dictated by the Fifth Circuit, the TWC's finding can have no effect in this action, and the Court concludes that issue preclusion does not prevent conditional certification.

Next, the Court addresses the parameters of the potential putative collective class. The plaintiff concedes that the proposed class would not include individuals classified as independent contractors and exempt employees. Because the class is limited to those individuals who were paid a day rate, the definition would exclude employees covered by some other exemption, including the salary-based employees who are exempt. Therefore, the defendant's argument that the class cannot be conditionally certified for this reason is not persuasive.

Additionally, the defendant argues that the three-year time period is too broad, on grounds the plaintiff's claims are subject to a two-year prescriptive period. However, review of the record shows that the plaintiff alleges that the defendant acted with willful disregard of the applicable law, and therefore, the applicable statute of limitations is three years. *See* 29 U.S.C. §255. Furthermore, "[c]ourts in the Fifth Circuit have often held that, given the low standard employed at the first stage of the evaluative process and the fact-intensive nature of the question of willful conduct, a plaintiff is not required

to prove willfulness at the notice stage of conditional certification." *Levy v. Schlumberger Tech Corp.*, No. 6:16-CV-00043, 2016 WL 8710032, at *6 (W.D. La. Sept. 23, 2016) (conditionally certifying a three-year class subject to any motion for decertification following discovery). Therefore, given the allegations in the plaintiff's complaint, and the standard for certification at this stage of the litigation, the Court finds the three-year prescriptive period is applicable, and the three-year time period for the putative class is appropriate.

The foregoing notwithstanding, the Court does agree with the defendant's argument that the putative class should be limited in scope to "mud engineers," as opposed to the broad category of "oilfield workers." The only workers identified in the plaintiff's Declaration are "mud engineers," and there are no other positions of employment identified in the motion to certify. The Court agrees that the class as currently identified is overly broad, and should be amended to identify a putative class as follows:

> **ALL MUD ENGINEERS EMPLOYED BY GORDON REED & ASSOCIATES, INC., AT ANY TIME FROM AUGUST 20, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE AND DID NOT RECEIVE OVERTIME.**

Thus, after review of the plaintiff's Declaration, which is based on the personal knowledge of the plaintiff and which shows the existence of similarly

situated plaintiffs who might benefit from certification of this matter, the undersigned concludes that plaintiff has shown that a collective action should be conditionally certified and notice issued.

### B. Form of Notice

Having concluded that a notice of collective action is appropriate in this case, the next consideration is whether plaintiff's proposed notice is proper.

The plaintiff has attached to his motion a proposed Notice and Consent form to be approved by the Court. The plaintiff requests that the notice and consent forms be mailed by First Class Mail and email and be further disseminated by text message and website posting to all putative class members for the entire three-year period before this lawsuit was filed. Putative class members interested in participating would be required to file their consents with the Court within 60 days of distribution of the Notice. Plaintiff also requests that the notice be distributed to putative class members twice: the first time -- via First Class mail, e-mail, and text message -- within 21 days of receiving the list of putative class members from defendant, and a second time, 30 days after the initial notice is distributed.

The defendant argues that four separate forms of notice and two separate rounds of notices implicitly suggests that the Court is encouraging recipients to

join the litigation. The defendant also requests that the following language be included in the notice: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."

The Court addresses the issue of the inclusion of language regarding costs first. While courts are divided on this issue -- whether notice about potential costs to the plaintiffs must be included -- courts in this district have denied its inclusion. *See, e.g.*, *Reyes v. Quality Logging, Inc.*, 52 F. Supp.3d 849, 853-54 (S.D. Tex. 2014) ("the general authority on this question is decidedly split"). In *Quality Logging,* the court found that such language is "unnecessary and potentially confusing." *Id. citing Sexton v. Franklin First Fin., Ltd.,* 2009 WL 1706535, at *12 (E.D.N.Y. 2009) and *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. 2007). Given the involvement of likely unsophisticated opt-in plaintiffs in this case, the undersigned follows the approach of cases like *Quality Logging* in recognizing that the disproportionate "in terrorem effect" of providing such notice could "outweigh[ ] the likelihood" such costs will significantly impact the instant case. *Id*. Thus, the notice does not need to contain references to counterclaims or court costs, but it is the responsibility of class counsel to render class members appropriate advice on such matters.

With respect to the issue of the form of notice, the Court notes that several recent FLSA cases district courts have permitted plaintiffs' counsel to send notice to putative collective action members via text message. *See, e.g., Kidwell v. Ruby IV, LLC*, No. CV 18-2052, 2019 WL 219850, at *6 (E.D. La. Jan. 16, 2019) (citing *Defrese-Reese v. Healthy Minds, Inc.*, 2019 WL 97042 (W.D. La. Jan. 3, 2019); *Mahrous v. LKM Enterprises, LLC*, 2017 WL 2730886, at *4 (E.D. La. June 26, 2017) (collecting cases). "Text-message notification is particularly appropriate when the employer has previously communicated with the employees via text message or where there is high employee turnover." *See id.* (citing *Wingo v. Martin Transp., Inc.*, 2018 WL 6334312, at *10 (E.D. Tex. Dec. 5, 2018) (citing *Butler v. TFS Oilfield Servs., LLC.*, 2017 WL 7052879, at *7 (W.D. Tex. Sept. 26, 2017); *Martin v. Sprint/United Mgmt. Co.*, 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016)).

Here, the plaintiff has presented evidence in his Declaration that he and other Putative Class Members communicated with defendant through their cell phones.[4] Because Plaintiff has put forth uncontroverted evidence that defendant communicated with plaintiff and the Putative Class Members via cell phone, text message notice is appropriate. *See Kidwell*, 2019 WL 219850, at *6. The Court

---

[4] Declaration of Plaintiff, at paragraph 30.

finds, however, that the plaintiff has failed to establish that reminder notices are necessary.

Accordingly, **IT IS ORDERED** that the plaintiff's "Motion for Certification of Collective Action and Request for Notice to Putative Class Members" [Doc. 17]" is **GRANTED IN PART AND DENIED IN PART.** The Court conditionally certifies this matter as a collective action including "**ALL MUD ENGINEERS EMPLOYED BY GORDON REED & ASSOCIATES, INC., AT ANY TIME FROM AUGUST 20, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE AND DID NOT RECEIVE OVERTIME.**"

**IT IS FURTHER ORDERED** that within ten (10) days of this Order the parties shall file with the Court a Joint Proposed Notice that complies with this Order. In the event the parties cannot agree as to any specific issue they must identify and brief the issue(s) separately at which time the Court will make a determination.

**IT IS FURTHER ORDERED** that defendant shall, within fourteen (14) days from the Order approving the Joint Proposed Notice, provide plaintiff's counsel with the names, last known addresses, e-mail addresses, and telephone

numbers of the potential opt-in plaintiffs ("Court-Ordered Information"), in a usable electronic format, preferably Excel.

**IT IS FURTHER ORDERED** that, twenty-one (21) days from the date of the Court's Order approving notice, plaintiff's counsel shall be permitted to send notices of this action in the form set forth in the approved Joint Proposed Notice, by mail, email and text message, and by posting the Notice and Consent form on the internet.

**IT IS FURTHER ORDERED** that the putative class members shall have sixty (60) days to return their signed Consent form for filing with the Court. Plaintiff's counsel shall also take down the posted Notice and Consent Form from the web at this time.

IT IS FURTHER ORDERED that the defendant's Motion to Strike [Doc. 21] is **DENIED.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 9th day of March, 2020.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**